UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

JOSEPH STADELMANN ELECTRICAL
CONTRACTORS, INC., by its Federal Court
appointed receiver, CRAIG R. JALBERT,

    Plaintiff,

v.

STADELMANN CONSULTING CORP.,
a/k/a Stadelmann Consulting, Inc.; WILLIAM
S. STADELMANN and GERALDINE
STADELMANN,

    Defendants.

Civil Action No.

## COMPLAINT

Plaintiff Joseph Stadelmann Electrical Contractors, Inc. (the "Plaintiff"), by its court-appointed receiver, Craig R. Jalbert (the "Receiver"), commences this action against Defendants Stadelmann Consulting Corp., a/k/a Stadelmann Consulting, Inc. ("SCC"), William S. Stadelmann and Geraldine Stadelmann, to recover approximately $1.4 million fraudulently transferred to the defendants between January 2008 and January 2010, as follows:

## PARTIES

1. The Plaintiff is a Massachusetts Corporation which, prior to ceasing operations, had a principal place of business in Brockton, Massachusetts.

2. The receiver is an individual with an office at Verdolino & Lowey, P.C., 124 Washington Street, Foxboro, MA 02035.

3. Defendant SCC is a Florida Corporation with a principal address at 200 Wrenn Street, Tavernier, Florida 33070. SCC has a registered agent at Spiegel & Utrera, P.A., 343 Almeria Avenue, Coral Gables, FL 33134.

4. Defendant William S. Stadelmann is an individual with a primary residence at 200 Wrenn Street, Tavernier, Florida 33070. He also maintains a residence at 276 West Elm Street, Brockton, Massachusetts. William Stadelmann is the Vice President of SCC.

5. Defendant Geraldine Stadelmann is an individual with a primary residence at 200 Wrenn Street, Tavernier, Florida 33070. She also maintains a residence at 276 West Elm Street, Brockton, Massachusetts. Geraldine Stadelmann is the President of SCC.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as the Plaintiff is a Massachusetts Corporation, SCC is a Florida Corporation, and the Stadelmanns are, on information and belief, Florida residents. The amount in controversy exceeds $75,000.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the Plaintiff operated in Massachusetts, the Defendants have significant contacts in Massachusetts, including a part-time residence, and the parties transacted business in Massachusetts.

## FACTS

8. Until it ceased operations in or about September 2010, Plaintiff was an electrical contractor.

9. On Augusts 13, 2010, Nova Corp. – a creditor of the Plaintiff with a judgment in excess of $8 million – filed a motion in this Court seeking the appointment of a receiver over the assets of the Plaintiff. *See Nova Corp. v. Joseph Stadelmann Electrical Contractors, Inc.*, 1:10-mc-10240-WGY (D. Mass.) (the "*Nova* Matter").

10. On September 21, 2010, the Court entered an Order in the *Nova* Matter appointing the Receiver. The Order, a copy of which is attached hereto as Exhibit A, provides that the Receiver is appointed "to take charge of its estate and effects and to collect the debts and property due and belonging to it, with power to prosecute and defend suits in its name or otherwise . . ."

11. According to the books and records of the Plaintiff, between January 2008 and January 2010, the Plaintiff made transfers to SCC in the total sum of $1,388,460 (the "Transfers"). A copy of the Receiver's analysis of the Transfers is attached hereto as Exhibit B. SCC has alleged that the payments were in consideration for services provided by SCC estimating the cost of construction services.

12. On information and belief, all of the projects for which SCC allegedly provided services were in Massachusetts or the surrounding areas, while SCC and its officers and agents were in Florida.

13. William and Geraldine Stadelmann, the principals of SCC, are the parents of Joseph Stadelmann, the president of the Plaintiff.

## **CLAIMS FOR RELIEF**

### **COUNT I**
**(Actual Fraudulent Transfer – Stadelmann Consulting Corp.)**

14. The Plaintiff repeats and realleges Paragraphs 1 through 13 as if fully set forth herein.

15. The Transfers were made with actual intent to hinder, delay or defraud the creditors of the Plaintiff, and are thus fraudulent under Mass. Gen. L. Ch. 109A, § 5(a)(1).

16. Under Mass. Gen. L. ch. 109A, §8, the Plaintiff is entitled to avoid the transfer to the extent necessary to satisfy the claims of its creditors.

WHEREFORE, the Plaintiff respectfully requests that this Court:

(a) enter judgment for Plaintiff and against SCC, avoiding the Transfers;

(b) enter judgment for Plaintiff and against SCC in the amount of $1,388,460, plus interest and costs; and

(c) order such further relief as is just and proper.

## COUNT II
### (Constructive Fraudulent Transfer – Stadelmann Consulting Corp.)

17. The Plaintiff repeats and realleges Paragraphs 1 through 16 as if fully set forth herein.

18. The Transfers were made in exchange for less than reasonably equivalent value at a time when the Plaintiff was insolvent, or rendered insolvent, and are thus fraudulent under Mass. Gen. L. Ch. 109A, § 6(a).

19. Under Mass. Gen. L. Ch. 109A, §8, the Plaintiff is entitled to avoid the Transfers to the extent necessary to satisfy the claims of its creditors.

WHEREFORE, the Plaintiff respectfully requests that this Court:

(a) enter judgment for Plaintiff and against SCC, avoiding the Transfers;

(b) enter judgment for Plaintiff and against SCC in the amount of $1,388,460, plus interest and costs; and

(c) order such further relief as is just and proper.

4

## COUNT III
### (Insider Preferential Transfer – Stadelmann Consulting Corp.)

20.     The Plaintiff repeats and realleges Paragraphs 1 through 19 as if fully set forth herein.

21.     SCC is an insider of the Plaintiff

22.     To the extent that the Transfers were made on account of an antecedent debt, the Transfers made within a year hereof were made at a time when the Plaintiff was insolvent, or rendered insolvent, and SCC had reasonable cause to believe SCC was insolvent.  The Transfers are thus fraudulent under Mass. Gen. L. Ch. 109A, § 6(b).

23.     Under Mass. Gen. L. Ch. 109A, §8, the Plaintiff is entitled to avoid the Transfers to the extent necessary to satisfy the claims of its creditors.

WHEREFORE, the Plaintiff respectfully requests that this Court:

(a)     enter judgment for Plaintiff and against SCC, avoiding the Transfers;

(b)     enter judgment for Plaintiff and against SCC in the amount equal to the Transfers made within one year hereof, plus interest and costs; and

(c)     order such further relief as is just and proper.

## COUNT IV
### (Piercing the Corporate Veil – William Stadelmann and Geraldine Stadelmann)

24.     The Plaintiff repeats and realleges Paragraphs 1 through 23 as if fully set forth herein.

25.     On information and belief, SCC does not conduct business, but is solely a conduit for funds to be transferred from the Plaintiff to William Stadelmann and Geraldine Stadelmann.

26. As such, the Transfers were in fact transfers made to William Stadelmann and Geraldine Stadelmann.

WHEREFORE, the Plaintiff respectfully requests that this Court:

(a) enter judgment for Plaintiff and against William Stadelmann and Geraldine Stadelmann, jointly and severally, avoiding the Transfers;

(b) enter judgment for Plaintiff and against William Stadelmann and Geraldine Stadelmann, jointly and severally, in the amount of $1,388,460, plus interest and costs; and

(c) order such further relief as is just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury on all counts of this Complaint.

Respectfully submitted this 16th day of June, 2011

        JOSEPH STADELMANN ELECTRICAL CONTRACTORS, INC., by its Federal Court appointed receiver, CRAIG R. JALBERT,

        By its attorneys,

        /s/  David B. Madoff
        David B. Madoff (BBO#552968)
        MADOFF & KHOURY LLP
        124 Washington Street, Suite 202
        Foxboro, MA  02038
        508-543-0040
        madoff@mandkllp.com