UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOVA.CORP., | ) |
| Petitioner, | ) ) ) |
| v. | ) Misc. Case. No. 10-10240 |
| JOSEPH STADELMANN ELECTRICAL CONTRACTORS, INC., | ) ) ) |
| Respondent. | ) ) ) |

**ORDER APPOINTING RECEIVER**

Plaintiff Nova.Corp. ("Nova") has filed a miscellaneous action in this Court by recording a judgment against Joseph Stadelmann Electrical Contractors, Inc. ("JESC") issued by the United States District Court for the District of Columbia. Nova now moves for the appointment of a receiver over the assets of the Defendant JSEC.

Nova's judgment against JSEC is in the amount of $8,649,795.57. As established by Nova's Motion for Appointment of a Receiver and supporting Affidavit and Exhibits, sufficient grounds exist for the appointment of a receiver to take control of the assets of JSEC and liquidate those assets for the benefit of its creditors. Nova has suggested that Craig R. Jalbert be appointed as receiver.

1. The Court hereby finds sufficient grounds to appoint a receiver over the assets of JSEC. Its refusal or inability to participate in the arbitration that resulted in entry of the Judgment, and its inaction since entry of the arbitrator's award indicate that it will not likely be responsive to discovery requests. JSEC is essentially defunct and is not likely to pay any amount

on the Judgment. JSEC is insolvent and without a manager to supervise its operations and protect its assets.

2. The Court further finds that it is necessary and appropriate for the receiver to liquidate the assets of JSEC for the benefit of JSEC's creditors and, therefore, it is ORDERED and ADJUDGED that:

A. Craig R. Jalbert, CIRA, of Verdolino & Lowey, P.C., 124 Washington Street, Suite 101, Foxboro, Massachusetts be and hereby is appointed, pursuant to Rule 66 of the Federal Rules of Civil Procedure, as Receiver (the "Receiver") of JSEC to take charge of its estate and effects and to collect the debts and property due and belonging to it, with power to prosecute and defend suits in its name or otherwise, to retain counsel and appoint agents under him and to do all other acts which might be done by JSEC, which may be necessary for the final settlement of its unfinished business. The powers of the Receiver and the existence of JSEC shall be continued as long as the Court, on the recommendation of the Receiver, finds necessary for said purposes.

B. Except as otherwise may be directed in writing by the Receiver, JSEC, its officers, directors, servants, agents and attorneys and each of them, are hereby required and ORDERED to deliver to the Receiver all of the assets of JSEC in their hands, possession, or control, together with all books, deeds, documents, vouchers, and papers relating thereto, and JSEC, its officers, directors, servants, agents and attorneys and each of them, are hereby restrained and enjoined from collecting any of the debts or accounts due to JSEC and from using, spending, injuring, conveying, transferring, selling, or in any manner disposing of or encumbering any of the assets of JSEC, except to deliver them into the hands of the Receiver.

C.  JSEC, its officers, directors, servants, agents and attorneys, shall make available for inspection and review by the Receiver or his agents all of JSEC's books and records.

D.  The Receiver is hereby authorized and empowered to: collect all sums due to JSEC, for the benefit of the parties hereafter determined to be entitled thereto; to conserve and manage the assets of JSEC; to pay JSEC's debts to which all interested parties shall agree or the Court shall order; to take charge of JSEC's estate, property and effects and dispose of all or any part of the assets of JSEC wherever located, at one or more public or private sales or by abandonment of assets of inconsequential value; to sue and defend any suits in the name of the Receiver in this Court; to borrow sums of money necessary to carry out the receivership; to do all other acts which may be necessary or desirable for a final settlement of the affairs and business of JSEC; and to provide to the Court all accountings required by Rule 66 of the Federal Rules of Civil Procedure and the applicable provisions of the United States Code.

E.  The Receiver shall file in the office of the Clerk of this Court, within forty-five (45) days after the entry of this Order, or such further time as the Court may allow, under oath, a detailed inventory of the property of which he has possession or the right of possession as required by Rule 66 of the Federal Rules of Civil Procedure with an estimated value thereof, together with a list of encumbrances thereon, and also a list of the creditors of the receivership and of JSEC so far as known to him.

F.  The Receiver shall deposit all money received by him in some national bank, trust company, co-operative bank or Massachusetts savings bank in his name as Receiver, but no disbursements of these funds shall be made, other than in payment of JSEC's debts to which all interested parties shall agree or as the Court shall order paid.

G.  The Receiver or any other party in interest may apply to the Court from time to time for such further directions, or orders, as to them may seem necessary or appropriate. The Receiver may apply to the Court for instructions, and the Court reserves the right to make and enter such further orders, upon appropriate application, as may be necessary or desirable for the administration of JSEC's estate.

H.  The Receiver, his agents and attorneys shall not be personally liable for any actions or inaction arising out of the discharge or performance of the Receiver's duties and powers. Any judgment recovered against the Receiver, as such, or against JSEC shall be payable only from the funds of JSEC.

SO ORDERED.

Dated: _Sept. 21_, 2010

William G. Young, D.J.

570470

4